## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHARLES A. NIEDERSTADT,

      Plaintiff,

v.                                       No. CV 13-0283 JP/RHS

L.C.D.C. CO WOLF,
L.C.D.C. LT LACKEY,
L.C.S.O. JOHN HREBERT,
L.C.D.C. WARDEN A. ANDERSON,
L.C.D.C. CHIEF OF SECURITY BLAKE,
JUDGE MATHA PROCTOR,
N.M.S.P.,
DISTRICT ATTORNEY TWELFTH JUDICIAL DISTRICT,
CAPITAN P.D. CHIEF RANDY SPEAR,
SEAN MCGARRY,
MICHAEL HERNANDEZ,
JOANN BUTLERS,
BRUSH MCCONNER,
LORENA LAMAY,
LYNN HUGGINS,
VILLAGE OF CAPITAN OR
TOWN OF CAPITAN,

      Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff has filed a number of pleadings, which the Court construes together as the complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In addition to the original complaint, Plaintiff filed two amended/supplemental complaints (Docs. 4, 5) and two motions to amend (Docs. 21, 22). These pleadings name approximately fifteen Defendants and present, in less than coherent fashion, a litany of Plaintiff's encounters with law enforcement and corrections officials. In summary, Plaintiff alleges that law enforcement officers in Lincoln County, New Mexico, have discriminated against him by frequently arresting him on pretextual grounds. He contends that he has been subjected to numerous unconstitutional conditions of confinement. The complaint seeks damages and certain equitable relief.

In the original complaint (Doc. 3), Plaintiff alleges Defendants McGarry and Spear have harassed and repeatedly arrested him. He has thus been subjected to significant amounts of pretrial detention. At one point during detention, Defendant Lackey put him in a cell that was "full of Clorox," forcing him to make a mask of his shirt fabric in order to breathe. After Plaintiff accused Defendant Wolf of intercepting and taking his legal mail, Wolf retaliated against him by denying him daily recreation and showers for four days. Plaintiff's numerous requests for legal materials, hygiene supplies, and writing materials were also ignored. In his first and second amended complaints (Docs. 4, 5), Plaintiff describes incidents that resulted in his arrest and incarceration.

2

The central allegations are that Defendants McGarry and Spear have harassed Plaintiff and lied about his conduct, causing him to be wrongly detained and falsely charged.  Plaintiff's first motion to amend (Doc. 21) specifies the constitutional provisions at issue; the second motion (Doc. 22) repeats previous allegations but contains no additional factual material.

Except for the allegations against Defendants Wolf, Lackey, McGarry, and Spear, Plaintiff's pleadings do not assert any Defendant's personal involvement in the alleged violations.  Plaintiff makes no factual allegations affirmatively linking employers, supervisors, or co-workers of these four Defendants to his claims.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a Defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state employee may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the employee.  *See id.* Likewise, no factual allegations are made against Defendant (Judge) Proctor or the District Attorney.

Plaintiff's allegations against the private individual Defendants Lamay, Butlers, Hernandez, McConner, and Huggins fail to state claims for relief under 42 U.S.C. § 1983.  Actions of these Defendants were not taken under color of state law for purposes of the statute.  *See Bastible v. Weyerhaeuser Co.*, 437 F.3d 999, 1008 (10th Cir. 2006) (affirming ruling that private defendant did not act under color of state law); *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."); *and see Mehdipour v. Matthews*, 386 F. App'x 775, 777 n.3 (10th Cir. 2010).  Plaintiff's claims against these Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Hrebert, Anderson, Blake, Proctor, N.M.S.P., District Attorney Twelfth Judicial District, Hernandez, Butlers,

McConner, Lamay, Huggins, and Village or Town of Capitan are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's first motion to amend (Doc. 21) is GRANTED; the second motion to amend (Doc. 22) is DENIED as merely duplicating earlier allegations;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of Plaintiff's complaint (Docs. 3, 4, 5, 21), for Defendants Wolf, Lackey, Spear, and McGarry.

_____
UNITED STATES DISTRICT JUDGE

4