IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES A. NIEDERSTADT,

    Plaintiff,

v.    No. CV 13-283 JAP/SCY

FNU WOLF, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATIONS

This matter comes before me on Defendants Lackey, McGarry, and Spear's Motions to Dismiss. *Docs. 33, 45*. Having reviewed the accompanying briefing (*docs. 38, 43, 46, 47*), and relevant law, I recommend that the Court grant in part and deny in part Defendants' Motions.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, and alleges that Defendants Lackey, McGarry, and Spear wrongfully arrested him on numerous occasions and violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights, as well as his state constitutional rights against self-incrimination and due process/equal protection. *See generally docs. 3, 4, 5, 21*. With regard to Defendants McGarry and Spear, Plaintiff alleges they have subjected him to racial harassment for at least ten years and made false statements that led to his wrongful arrest and caused him to be incarcerated

1

for more than 200 days in total.  *Doc. 4* at 2, 4, 6-7, *doc. 5* at 4-5.  Plaintiff further states that Defendant Lackey, a lieutenant at the Lincoln County Detention Center, housed him in a cell "full of Clorox" in which Plaintiff had a difficult time breathing and was forced to use his shirt as a gas mask.  *Doc. 3* at 2.

All Defendants move to dismiss on the basis that Plaintiff has failed to state claims with sufficient factual specificity under Federal Rule of Civil Procedure 12(b)(6) Defendants Spear and McGarry also seek dismissal on the basis of qualified immunity.

## II.   STANDARD OF REVIEW

### A.   Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  Under this Rule, a motion to dismiss "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations."  *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) (citing *Jones v. Hopper*, 410 F.2d 1323 (10th Cir. 1969)).  When ruling on a motion to dismiss, the court must accept as true well-pleaded factual allegations, but must also consider whether "they plausibly give rise to an entitlement to relief."  *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).  The court's consideration, therefore, is limited to determining whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, the plaintiff must set forth the grounds of his or her entitlement to relief: a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). Dismissal is not appropriate where the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). But "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Further, the " court . . . will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted).

### B. Qualified Immunity

The doctrine of qualified immunity shields "government officials performing discretionary functions. . .from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In practice, "[a]s the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). When a defendant raises the affirmative defense of qualified immunity, that defense should be addressed at the "earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)(quotation omitted). Once a defendant has asserted this defense, the plaintiff must demonstrate, on the facts alleged, both that (i) the defendant's actions violated his or her constitutional or statutory rights; and (ii) the right was clearly established at the time of the alleged misconduct. *See Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).

### III. ANALYSIS

Plaintiff's Complaint and accompanying briefing can be distilled into claims of false arrest and imprisonment against Defendants McGarry and Spear, and deprivation of Fourteenth Amendment due process against Defendant Lackey. Defendants McGarry and Spear first assert immunity from Plaintiff's action as state actors under Section 1983;

in the alternative, they move for dismissal under 12(b)(6) on the basis of qualified immunity. Defendant Lackey moves for dismissal solely on the basis of Rule 12(b)(6).

### A. Plaintiff's False Arrest and Imprisonment Claims Against Defendants McGarry and Spear

Construing generously Plaintiff's Complaint, subsequent amendments, and briefing, Plaintiff alleges wrongful arrest and false imprisonment based on Defendants McGarry and Spear's participation in his arrests and continued detentions. Although it is unclear from Plaintiff's collected pleadings how many times either Defendant McGarry or Spear arrested him, he alleges at least four instances of arrest resulting in detentions of 38, 45, 55, and 101 days respectively, each of which terminated when charges against him were dismissed. He further seems to allege that these arrests and continued detentions were the result of deliberate factual misrepresentations by both Defendants McGarry and Spear. Of the four referenced detentions, Plaintiff only elaborates on his January 14, 2013 arrest after which, he states, he was detained for 38 days. He claims that Defendant McGarry improperly arrested him on January 14, 2013 while he was in a store minding his own business, albeit shortly after he was involved in a physical altercation with another person. Plaintiff provides no other detail about McGarry and Spear's alleged misrepresentations or about his other arrests anddetentions.

Based on Plaintiff's limited factual representations, the Court construes Plaintiff's pleadings as alleging claims under the Fourth and Fourteenth Amendments. *See*

*Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  His initial false arrest claims are alleged violations of his Fourth Amendment right against illegal seizure.  *Id.*; *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)(explaining that a false arrest claim is a claim under the Fourth Amendment). His allegations of improper pre-trial detentions may either also be violations of his Fourth Amendment rights (if imprisoned without proper legal process) or his Fourteenth Amendment rights (if imprisoned pursuant to legal but wrongful process).  *Id. (*citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1285–86 (10th Cir. 2004)).

      i.     <u>Defendants are properly subject to this action</u>

Defendants McGarry and Spear correctly assert that States and their related bodies and employees are not amenable to suit under Section 1983 if sued in their official capacities.  *See Will v. Michigan State Police*, 491 U.S. 58, 66 (1989).  This correct statement of law, however, provides Defendants no protection for at least two reasons. First, Defendants McGarry and Spear appear to be either city or county police officers[1] and so they would be amenable to suit if sued in their official capacity.[2]  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120-121 (1992) (holding that a city may be sued); *see also Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997) (holding

---

[1] While it is not clear from Defendants' pleading whether they are employed by the City of Capitan or Lincoln County,  Defendants refer to themselves as the "Capitan Defendants" and do not deny Plaintiff's identification of them as either city or county employees.

[2] Defendants also raise the possibility that Plaintiff's pleadings present questions of state law for which they have immunity under the New Mexico Tort Claims Act. *Doc. 45* at 5. On the face of his pleadings, I find that Plaintiff has only asserted federal claims and therefore do not  address this argument.

that a county may be sued). Second, because Plaintiff's focus appears to be on the individual bad acts of Defendants McGarry and Spear, Plaintiff's claims are more logically construed as brought against Defendants in their individual capacities. Plaintiff clearly may sue Defendants in their individual capacities under Section 1983. *Hafer v. Melo*, 502 U.S. 21, 27-28 (1991).

        ii.      <u>Plaintiff' False Arrest Claims</u>

In order to demonstrate that an arrest violates the Fourth Amendment, Plaintiff must allege that Defendants McGarry and Spear, acting under color of state law and without probable cause, arrested him. *Romero*, 45 F.3d 1476. The Tenth Circuit has repeatedly explained that, while *pro se* pleadings are interpreted more generously than those of represented parties, "we adhere to the principle that unsupported conclusory allegations are insufficient to state a claim." *Monroe v. Owens*, 38 Fed. App'x 510, 513 (10th Cir. 2002)(citing *Hall*, 935 F.3d at 1110). Here, Plaintiff fails to allege at any point in his pleadings that Defendant Spear arrested him. He therefore fails to state a claim for false arrest against Defendant Spear and Defendant Spear is entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff generally alleges Defendant McGarry arrested him on four occasions. Plaintiff, however, only alleges specific facts in connection with one arrest that occurred on January 14, 2013. Therefore, Defendant McGarry is entitled to dismissal pursuant to

Fed. R. Civ. P. 12(b)(6) in connection with the three arrests on which Plaintff has failed to state a claim.

With regard to the January 14, 2013 arrest, even in light of Defendant McGarry's assertion of qualified immunity, Plaintiff provides a sufficient factual basis to survive Defendant McGarry's motion for dismissal under Rule 12(b)(6),. On January 14, 2013, Plaintiff alleges that he was involved in a physical altercation, that the altercation terminated, and that he was peacefully making conversation with a friend in a store when Defendant McGarry arrived on the scene and arrested him as he had done "over and over" (*i.e.* without probable cause, in accordance with Plaintiff's other allegations of wrongful arrest, *see, e.g., doc. 4* at 2, 4). This specific factual allegation is more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Iqbal*, 566 U.S. at 678. If taken as true and read generously, as it must be, this allegation plausibly states the claim that Defendant McGarry, acting under color of state law, arrested him without probable cause. Thus, Defendant McGarry should be denied qualified immunity at this juncture as to the January 14, 2013 arrest.

### iii. Plaintiff's False Imprisonment Claims

Plaintiff's false imprisonment claims consist of his conclusory assertions that Defendants McGarry and Spear made false statements that wrongfully caused him to be detained. Because he claims he was detained based on "the fabrication of evidence by a government officer acting in an investigative capacity," Plaintiff's claim should be

8

treated as brought under the Fourteenth Amendment. *Pierce*, 359 F.3d at 1285 (quoting *Anthony v. Baker*, 767 F.2d 657, 662-63 (10th Cir. 1985); *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001)). Plaintiff, however, fails to specifically describe any allegedly false statement by either Defendant, much less how those alleged false statements facilitated his claimed wrongful detentions. Thus, Plaintiff has not met his pleading burden under Rule 8. *See Whitney*, 113 F.3d at 1173–74.

Similarly, Plaintiff's surviving false arrest claim against Defendant McGarry cannot extend into a sufficiently pled false imprisonment claim. Had Plaintiff specified the false statements he claims Defendant McGarry made and alleged that these false statements were instrumental in his continued wrongful confinement, the false arrest Defendant McGarry allegedly made could have served as the basis for a Fourteenth Amendment false imprisonment claim. Cf. *Pierce*, 359 F.3d at 1291-92 (rejecting defendant chemist's argument that intervening actions of police and prosecutors shielded her from liability where chemist repeatedly communicated false and fraudulent findings to police and prosecutor). Plaintiff's failure to allege a constitutional false imprisonment violation with sufficient factual support, however, entitles both Defendants McGarry and Spear to dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(6).

  **B.**  **Plaintiff's Due Process Claim Against Defendant Lackey**

Plaintiff also alleges that Defendant Lackey violated his Eighth Amendment rights when, on February 28, 2013, he "push[ed] [Plaintiff] into cell. . .with it full of bleach (1/4 inch on the floor). . ." and failed to move Plaintiff from the cell despite Plaintiff's repeated assertions that he was being harmed by the fumes. *Doc. 46* at 1-2.[3] As an initial matter, according to Plaintiff's pleadings, Plaintiff was detained from January 14, 2013, through at least February 28, 2013, and then released when the charges against him were dismissed. *See, e.g. doc. 4* at 2. Plaintiff was therefore a pre-trial detainee, not a prisoner, at the time of the incident with Defendant Lackey. His alleged mistreatment while in pre-trial detention, therefore, is properly evaluated under the Fourteenth, not the Eighth, Amendment. *Blackmon v. Sutton*, 734 F.3d 1237, 1240 (10th Cir. 2013)(citing *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979))("We know that after the Fourth Amendment leaves off and before the Eighth Amendment picks up, the Fourteenth Amendment's due process guarantee offers detainees some protection while they remain in the government's custody awaiting trial.").

In the Tenth Circuit, "[i]n determining whether [a pre-trial detainee's] rights were violated. . .we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999)(citation omitted). An individual's Eighth Amendment rights are violated where

---

[3] I recognize that, while Plaintiff complained of the bleach in his cell in his Complaint, he did not claim his cell had a quarter inch of bleach on the floor until his responsive briefing to Defendants McGarry and Spear's motion to dismiss. Because Plaintiff proceeds *pro se*, and in the interest of judicial efficiency, I will consider this factual allegation is if it were made in his Complaint.

10

(i) the official causes an injury that, objectively, is "sufficiently serious,"; and (ii) the official has a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff alleges that after Defendant Lackey pushed him into a cell that had a quarter inch of bleach on the floor, he had to cover his nose and mouth with a wet shirt to filter out the bleach fumes. He further alleges that he informed Defendant Lackey several times that he could not breathe, and that Defendant Lackey neither removed him from the cell nor initiated a medical assessment. Based on these alleged facts, the Court will construe Plaintiff's briefing as stating a claim of mistreatment, including delay of medical treatment, by Defendant Lackey. *See, e.g., Sealock v. Colo.*, 218 F.3d 1205, 1210 (10th Cir. 2000)(prison guard's failure to respond to plaintiff's complaint of chest pains and a potential heart attack was treated as a delay in medical care claim).

Turning to the first prong of the Eight Amendment analysis, an in custody mistreatment claim only amounts to a Constitutional violation when it is "sufficiently serious" to result in substantial harm. *Sealock*, 218 F.3d at 1210 (citation omitted). Here, despite Defendant Lackey's assertion that Plaintiff's resultant ailments were "transient" (*doc. 43* at 3), Plaintiff alleges that after his exposure to the bleach fumes he suffered severe headaches for three to four days, and a sore throat for two weeks. *Doc. 46* at 1-2. The Tenth Circuit has previously held that a far shorter duration (several hours) of pain

and suffering is sufficient to establish "unnecessary and wanton infliction of pain." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). As such, Plaintiff has alleged a sufficiently serious injury.

Turning to the second prong, a defendant official will be found to have a sufficiently culpable state of mind where "the official [is] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted). Plaintiff alleges that he repeatedly informed Defendant Lackey that he was suffering from the exposure to bleach fumes and that Defendant Lackey ignored his complaints. Notably, Plaintiff does not merely allege that Defendant Lackey placed him in a cell that had been cleaned with bleach. Instead, Plaintiff alleges that a quarter inch of liquid bleach covered the floor of his cell. *Doc. 46* at 1. If Defendant Lackey knowingly placed Plaintiff in a cell with a quarter inch of liquid bleach covering the floor, Defendant Lackey arguably would have disregarded an excessive risk to Plaintiff's health and safety. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) ("a prison official is liable only if the official knows of and disregards an excessive risk to inmate health and safety."). Thus, treating Plaintiff's allegations as true, Plaintiff has sufficiently alleged that Defendant Lackey demonstrated a "sufficiently culpable state of mind" in delaying Plaintiff's receipt of medical care. *Id.* (where a prison guard was repeatedly informed the plaintiff was having a heart attack and refused to drive

plaintiff to the hospital or otherwise summon further medical aid, he "knew of and disregarded the excessive risk to [plaintiff's] health that could result from the delay.") Defendant Lackey's Motion to Dismiss is therefore denied.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that this Court dismiss all Plaintiff's claims against Defendant Spear without prejudice.  I further recommend that Plaintiff's claims against Defendant McGarry, with the exception of the January 14, 2013 false arrest claim, be dismissed without prejudice.  Finally, I recommend that Defendant Lackey's Motion to Dismiss be denied.

                                        ___/s/ Steven C. Yarbrough_____
                                        STEVEN C. YARBROUGH
                                        UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**