**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CHARLES NIEDERSTADT,**

> **Plaintiff,**

> **vs.**                                                              **Civ. No. 13-283 JAP/SCY**

**FNU WOLF, et al.,**

> **Defendants.**

**<u>ORDER ADOPTING REPORT AND RECOMMENDATIONS</u>**

On June 26, 2014, the Magistrate Judge filed a REPORT AND RECOMMENDATIONS (Doc. No. 61) regarding Defendants' Motions to Dismiss. The Magistrate Judge found that Plaintiff failed to state any valid claims against Defendant Spear, but that he did state a valid claim for false arrest against Defendant McGarry and an Eighth Amendment mistreatment claim against Defendant Lackey.  *Id.*

Defendant Lackey filed Objections on July 8, 2014.  *Doc. 62.*  Neither Defendants McGarry and Spear, nor Plaintiff, filed Objections.

**I.      STANDARD OF REVIEW**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  Fed. R. Civ. P. 72(b)(1).  Rule 72(b)(2) governs objections: "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  When resolving objections to a magistrate judge's proposal: "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

**II.   ANALYSIS**

Because neither Plaintiff nor Defendants McGarry or Spear filed Objections, I will adopt, with modifications, the Magistrate Judge's recommendations as to the dismissal of Plaintiff's claims against Defendant Spear and the dismissal of all claims against Defendant McGarry, except Plaintiff's claim for false arrest relating to his  January 14, 2013 arrest.  The Magistrate Judge recommended dismissal of these claims without prejudice.  However, since the Magistrate Judge correctly determined that these claims should be dismissed under Rule 12(b)(6) because Plaintiff did not state valid claims, dismissal of these claims should be with prejudice.

Defendant Lackey objects to the Magistrate Judge's findings on the basis that the Magistrate Judge improperly considered Plaintiff's elaboration of his mistreatment claim presented in Plaintiff's responsive brief to Defendants' Motion to Dismiss. *See doc. 61* at 10 n.3; *doc. 62* at 1.  Defendant Lackey argues that "it is well-settled in the Tenth Circuit that a plaintiff (pro se or otherwise) may not raise factual allegations for the first time in the context of a

2

Response to a Motion to Dismiss." *Doc. 62* at 1.  For this proposition, Defendant Lackey relies

on two cases: *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F.Supp.2d 1267 (D. Kan. 2011) and *In re*

*Qwest Communications Int'l, Inc.*, 396 F.Supp.2d 1203 (D.Colo. 2004).

      The Court first notes that neither *Blackmon* nor *In Re Qwest* involves a plaintiff who was

proceeding *pro se.*  Those courts, therefore, did not face the obligation placed on this Court to

"construe [Plaintiff's] pleadings liberally, applying a less stringent standard than is applicable to

pleadings filed by lawyers." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173 (10th Cir.

1997)(quoting *Gagan v. Norton,* 35 F.3d 1473, 1474 n.1 (10th Cir.1994)).  Further, in *Blackmon*

the court disallowed the plaintiff's attempt to "assert different or additional claims."  769

F.Supp.2d at 1276 n.47.  Likewise, in *In re Qwest*, the court found that "plaintiff's response to

[defendant's] motion to dismiss **frequently refers to factual claims which are not alleged in**

**the Complaint.**" 396 F.Supp.2d at 1203 (emphasis added).   But here, Plaintiff alleges from the

outset that Defendant Lackey placed him in a cell "full of Clorox" in which Plaintiff had

difficulty breathing and was forced to use his shirt as a gas mask.  *Doc.* 3 at 2.  Plaintiff's later

clarification, that "full of Clorox" means Clorox on the floor of the cell one quarter inch deep, is

consistent with the allegation Plaintiff made in his original Complaint.

      In light of the requirement to construe Plaintiff's pleadings broadly and because

Plaintiff's later factual allegations elucidate, rather than add, to Plaintiff's claim against

Defendant Lackey, Defendant Lackey's objections are overruled.

      IT IS ORDERED THAT:

    1.   The Magistrate Judge's findings and recommendations in his REPORT AND

          RECOMMENDATIONS (Doc. No. 61) are adopted with modifications.

    2.   Plaintiff's claims against Defendant Spear are dismissed with prejudice.

3. Plaintiff's claims against Defendant McGarry, with the exception of Plaintiff's false arrest claim relating to events on January 14, 2013, are dismissed with prejudice.

4. Defendant Lackey's Motion to Dismiss is denied.

_____

**UNITED STATES DISTRICT JUDGE**