IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES A. NIEDERSTADT

    Plaintiff,

v.                                                   Civ. No. 13-283 JAP/SCY

FNU WOLF, *et al.*

    Defendants.

### ORDER TO FILE A *MARTINEZ* REPORT

This *pro se* civil rights matter comes before the Court *sua sponte*. Plaintiff brings this 42 U.S.C. Section 1983 action alleging several claims of false arrest as well as unconstitutional conditions of confinement. *Docs. 3, 4, 5, 21.* While the majority of Plaintiff's claims have been dismissed, two claims remain: Plaintiff's false arrest claim against Defendant Sean McGarry relating to Plaintiff's arrest on January 14, 2013, and Plaintiff's Eighth Amendment claim against Defendant Danny Lackey regarding his conditions of confinement at the Lincoln County Detention Center on February 28, 2013.

Under *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978), this Court may order Defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). **A *Martinez* Report may be used in a variety of contexts, including motions for summary judgment or a *sua ponte* entry of summary**

1

**judgment**.  When a *Martinez* Report is used for summary judgment purposes, the *pro se* Plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report.  *Hall v. Bellmon*, 935 F.2d 1106,1109 (10th Cir. 1991).

Wherefore, IT IS HEREBY ORDERED that Defendants McGarry and Lackey file a *Martinez* Report (with or without a dispositive motion) within 45 days of receipt of this Order in accordance with the instructions below:

1. Defendant's comprehensive *Martinez* Report shall address all of Plaintiff's remaining allegations as well as any defenses Defendants wish to pursue, and it should include, but is not limited to:

    a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Plaintiff with regard to the remaining claims that are the subject of his complaint; whether any records or documents exist pertaining to such claims and, if so, a description of those records and documents and of their contents;

        i. these fact should include any records or documents relating to Plaintiff's arrest by Defendant McGarry on January 14, 2013, and;

        ii. any records or documents relating to Plaintiff's confinement at the Lincoln County Detention Center on February 28, 2013,

        including but not limited to the cleaning schedule and procedures of the facility on or around February 28, 2013; the cleaning supplies used at the facility in detention cells on or around February 28, 2013; any medical records relating to Plaintiff kept by the facility during his detention on or around February 28, 2013; any records of complaints generated by Plaintiff or anyone else regarding Plaintiff during his detention on or around February 28, 2013; and the physical layout of the cell, including information on drainage, in which Plaintiff was detained during his detention on or around February 28, 2013.

    b.    Providing copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraph a;

    c.    Providing affidavits in support of the report, if necessary.

2.    The records and documents submitted with the Report may be submitted simultaneously with the Report, but the submission of documents alone, or documents submitted with an index but without an accompanying Report, shall not be considered in compliance with this Order.

3.    All records and documents submitted with the Report must be submitted with an index.  The index must identify each record and document submitted, by number, and each record and document must be marked

with a tab or label showing its number. Additionally, the report and each record and document submitted with the Report must have its pages numbered using Bates stamps, or a similar numbering system.

4. A complete copy of the Report must be filed on the case docket and served on Plaintiff.

5. The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may redact confidential portions of documents submitted with the Report and provide that version to Plaintiff. Alternatively, they may request that Plaintiff not be permitted to review certain portions of the Report and its attachments. If so, Defendants must make their objections to the Court fourteen (14) days prior to the Report filing and service date below. The entire Report must be submitted along with the objections, both under seal, to the Court for ruling.

6. Defendants shall file and serve the *Report* and any dispositive motions on or before September 26, 2014.

7. Plaintiff shall file and serve his response to the Report and his response to any dispositive motions on or before October 10, 2014.

8. Defendants shall file and serve their replies, if any, to Plaintiff's responses on or before October 24, 2014.

A copy of this order shall be mailed to Plaintiff at P.O. Box 1804, Capitan, NM 88316

      /s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE